**FILED**

Name          Kyle Chun

Street Address   817 Partridge Ave., Apt 31

City and County  Menlo Park, San Mateo Cou

State and Zip Code  CA 94025

Telephone Number  571-251-8459

DEC 08 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Kyle Chun

_____

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-against-

County of Merced, Judge Mark Bacciarini,

John Doe I.T. Personnel Merced County Superior Court,

Amanda Toste Court Executive Officer

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

**Complaint for a Civil Case**

Case No.: 1:25 CV 01776 HBK

(to be filled in by the Clerk's Office)

Jury Trial:    ☐ Yes    ☐ No
              (check one)

**RECEIVED**

DEC 08 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   |  |  |
   |---|---|
   | Name | Kyle Chun |
   | Street Address | 817 Partridge Ave., Apt 31 |
   | City and County | Menlo Park, San Mateo County |
   | State and Zip Code | CA 94025 |
   | Telephone Number | 571-251-8459 |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1

   |  |  |
   |---|---|
   | Name | County of Merced |
   | Job or Title (if known) | Government Entity |
   | Street Address | 2222 M St. |
   | City and County | Merced, Merced County |
   | State and Zip Code | CA 95340 |
   | Telephone Number | 209-385-7434 |

   Defendant No. 2

   |  |  |
   |---|---|
   | Name | Judge Mark Bacciarini |
   | Job or Title (if known) | Merced County Superior Court Judge, Department 10 |
   | Street Address | 627 W. 21st St. |
   | City and County | Merced, Merced County |
   | State and Zip Code | CA 95340 |
   | Telephone Number | 209-725-4100 |

2

Defendant No. 3

| | |
|---|---|
| Name | John Doe, IT Personnel |
| Job or Title (if known) | Unknown I.T. Staff Member, Merced County Superior Court |
| Street Address | 627 W. 21st St. |
| City and County | Merced, Merced County |
| State and Zip Code | CA 95340 |
| Telephone Number | 209-725-4100 |

Defendant No. 4

| | |
|---|---|
| Name | Amanda Toste |
| Job or Title (if known) | Court Executive Officer |
| Street Address | 627 W 21st St. |
| City and County | Merced, Merced County |
| State and Zip Code | CA 95340 |
| Telephone Number | 209-725-4101 |

## II. Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_42 U.S.C. Section 1983 Civil Rights - Deprivation of Rights Under Color of Law_

_14th Amendment to the United States Constitution (Due Process Clause)_

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)* _Kyle Chun_, is a citizen of the State of *(name)* _United States, CA_.

    b.  If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

b.  If the defendant is a corporation

The defendant, *(name)* _County of Merced_____, is incorporated under the laws of the State of *(name)* _California_____, and has its principal place of business in the State of *(name)* _California_____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## See Continuation Page - Statement of Claim (attached)

_____
_____
_____
_____

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

<u>**See Continuation Page - Relief (attached)**</u>

_____
_____
_____
_____

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __Dec. 3__, 20__25__

Signature of Plaintiff    _/s/ KC_
Printed Name of Plaintiff    Kyle Chun

## CONTINUATION PAGE - STATEMENT OF CLAIM

Case: Kyle Chun v. County of Merced, et al.

On November 20, 2025, at approximately 8:15 AM, Plaintiff appeared via Zoom for hearings in cases 25C-04966 and 25CV-05875 before Judge Mark Bacciarini in Merced County Superior Court. Despite successfully participating in three prior court-hosted Zoom hearings on October 15, 16, and 21, 2025, Plaintiff experienced technical interference during the November 20, 2025 hearing that prevented meaningful participation.

Prior to the November 20, 2025 hearing, Plaintiff filed a Notice Regarding Remote Appearance on November 11, 2025, formally requesting that the court ensure remote participants could clearly hear all proceedings, that all counsel speak directly into the microphone to ensure remote participants can fully hear the proceedings, and that Petitioner be afforded equal opportunity to be heard. See Exhibit A. This notice specifically addressed communication concerns from prior hearings and provided Plaintiff's contact information for any technical issues. The court and all parties were on notice of these concerns nine days before the November 20, 2025 hearing.

Immediately upon entering the court-controlled Zoom meeting on November 20, 2025, Plaintiff typed in the Zoom chat box at 8:14 AM stating "Kyle Chun petitioner is here for case 25cv04966 and 25cv05875" to announce his presence before any court proceedings began. See Exhibit B. This chat message was visible to all participants in the court-controlled Zoom meeting, including the court clerk, judge, and opposing counsel.

After Plaintiff sent this chat message announcing his presence, the court clerk verbally asked Plaintiff to unmute multiple times. Plaintiff heard these requests clearly and attempted to unmute by clicking the unmute button multiple times, but the court-hosted and court-provided Zoom unmute button would not activate. Despite Plaintiff having already communicated his presence via the Zoom chat box, and despite the court having received Plaintiff's November 11, 2025 notice requesting accommodation for clear communication, the court proceeded as if Plaintiff was not present or not responding.

A screenshot from 8:14 AM of the court-controlled Zoom meeting shows Plaintiff connected to Courtroom 10 with Plaintiff's chat message visible announcing his presence and a muted microphone icon displayed, demonstrating Plaintiff's immediate attempt to communicate followed by inability to activate the unmute function despite repeated attempts. See Exhibit B. Plaintiff was unable to participate or respond verbally despite being present, having announced his presence in writing, and attempting to unmute through all available means.

Plaintiff remained connected to the court-controlled Zoom meeting and could hear all audio clearly throughout the hearing, but was prevented from speaking. Immediately after the court clerk asked Plaintiff to unmute, and despite Plaintiff's visible chat message confirming his presence, Judge Bacciarini made unfavorable rulings against Plaintiff without hearing any oral arguments from Plaintiff or from opposing counsel.

This was Plaintiff's first hearing before Judge Bacciarini, who had been newly assigned to these cases after Plaintiff filed a peremptory challenge against the previous assigned judge. Given this context, Plaintiff's November 11, 2025 notice requesting clear communication protocols was particularly important to ensure fair proceedings before the new judge.

In total Zoom court time of less than 5 minutes, all that transpired was:

(1) Plaintiff announcing his presence via Zoom chat at 8:14 AM before proceedings began,

(2) opposing counsel announcing their presence,

(3) court clerk asking Plaintiff to unmute while ignoring Plaintiff's visible chat message,

(4) Plaintiff being unable to unmute despite the court-provided Zoom unmute button working properly in three prior court-hosted Zoom hearings on October 15, 16, and 21, 2025, and

(5) immediately after Plaintiff being asked to unmute but the court-controlled Zoom not allowing Plaintiff to unmute, Judge Bacciarini ruled as follows:

(a) The judge ruled on demurrers NOT SCHEDULED for court hearing that day. Demurrers were scheduled for December 11, 2025.

(b) The judge denied Plaintiff's Motion for Consolidation.

(c) The judge did not conduct what was scheduled for November 20, 2025, which was case review status of case 25CV-04966.

(d) The judge declared Plaintiff vexatious, even though Plaintiff is a 22 year old undergraduate student and this is the first legal litigation Plaintiff has ever had in entire life.

(6) Immediately after the judge ruled, the court host disconnected Plaintiff from the court-controlled Zoom meeting.

This violated Plaintiff's fundamental due process right to be heard before an adverse ruling. The court made substantive rulings, including the vexatious litigant designation, without hearing from Plaintiff, despite:

(1) Plaintiff being present and visible in the Zoom meeting,

(2) Plaintiff announcing his presence via chat message at the start of the hearing,

(3) Plaintiff having filed formal notice nine days prior requesting accommodation for clear communication, and

(4) Plaintiff attempting to participate through all available means. The vexatious litigant designation, made without due process and in violation of Plaintiff's specifically requested communication accommodations, now threatens Plaintiff's ability to seek judicial relief in future matters and carries significant reputational harm.

Plaintiff was screen recording the hearing on his iPad. The recording captured video of the proceedings, but contains NO audio, despite Plaintiff being able to hear all audio clearly during the meeting and all settings on Plaintiff's iPad microphone and audio being enabled. Other videos Plaintiff records on the same iPad screen capture both video and audio normally. Plaintiff has extensive information technology experience, including Zoom experience. The same iPad successfully records both audio and video in all other applications. This technical anomaly demonstrates that the court-controlled Zoom configuration prevented audio recording and unmute functionality while still allowing Plaintiff to hear the proceedings.

The technical evidence demonstrates deliberate interference:

(1) Plaintiff's chat message announcing presence was ignored,

(2) unmute button clicked multiple times without response as shown in the screenshot,

(3) audio recording disabled while Plaintiff could hear proceedings,

(4) immediate disconnection after ruling,

(5) no similar issues in three prior court-hosted Zoom court hearings on October 15, 16, and 21, 2025 using identical equipment and settings, and

(6) these technical problems occurred despite Plaintiff's November 11, 2025 formal notice requesting communication accommodations that was filed nine days before the hearing.

The court-provided and court-controlled Zoom configuration is the only explanation for audio being audible to Plaintiff but not recordable and for the unmute button failing to function.

Plaintiff possesses documentary evidence supporting these claims, including:

(1) Notice Regarding Remote Appearance filed November 11, 2025, formally requesting clear communication protocols and providing contact information for technical issues, attached as Exhibit A,

(2) screenshot from the November 20, 2025 court-controlled Zoom hearing showing Plaintiff's chat message announcing his presence at 8:14 AM and showing Plaintiff's connection to Courtroom 10 with muted microphone status despite attempts to unmute, attached as Exhibit B, and

(3) video recording of the entire hearing showing video but containing no audio track despite Plaintiff hearing all proceedings clearly and all iPad audio and microphone settings being enabled. The video file is preserved and available for the Court's review upon request.

Plaintiff believes court IT personnel or the court host deliberately disabled Plaintiff's unmute capability and audio recording capability within the court-controlled Zoom meeting under color of state law. This deliberate interference occurred despite Plaintiff's formal written notice filed nine days prior requesting communication accommodations, and despite Plaintiff's chat message at the start of the hearing announcing his presence. These actions violated Plaintiff's 14th Amendment due process rights and constitute deprivation of rights under 42 U.S.C. Section 1983.

On December 3, 2025, Plaintiff sent preservation demand via email to the legal division of Zoom Video Communications, Inc. and copied the California Fifth District Court of Appeal requesting Zoom server-side logs showing host actions and configurations during the November 20, 2025 court-controlled Zoom session. Plaintiff has also requested the official electronic recording of the hearing from the Merced County Superior Court, which will verify that no oral arguments were made by opposing counsel before the vexatious litigant ruling and will show that Plaintiff's chat message announcing his presence was visible to all participants.

**EXHIBITS:**

**Exhibit A** - Notice Regarding Remote Appearance for November 20, 2025 Hearings (filed November 11, 2025)

◀ Notes  12:02 PM Thu Dec 4                                                                                           🛜 🔋 100%

jpportal.mercedcourt.org

Merced Superior Court - Public Portal

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MERCED

ELECTRONICALLY FILED
Merced Superior Court
11/12/2025 8:00 AM
Amanda Toste
Clerk of the Superior Court
By: Norma CastanedaMarquez, Deputy

KYLE CHUN,
Petitioner,

v.

MERCED COUNTY HUMAN SERVICES AGENCY,
Respondents.

Case No.: 25CV-04966

NOTICE REGARDING REMOTE APPEARANCE FOR NOVEMBER 20, 2025 HEARINGS

TO THE COURT AND ALL PARTIES:

Petitioner Kyle Chun, appearing in propria persona, provides notice that he will appear remotely via Zoom for the following hearings scheduled for November 20, 2025 at 8:15 AM before the Honorable Judge Mark V. Bacciarini in Courtroom 10:

1. Case No. 25CV-04966 - Review of Case Status

Petitioner has previously filed Notices of Remote Appearance (Form RA-010) in both cases.

Petitioner respectfully requests:

1. The Court ensure that remote participants can clearly hear all proceedings
2. All counsel speak directly into the microphone to ensure remote participants can fully hear the proceedings
3. Petitioner be afforded equal opportunity to be heard

Petitioner is available at kyle.chun.855@gmail.com or 571-251-8459 if there are any questions or technical issues.

Dated: November 11, 2025

Respectfully submitted,

*[signature]*

KYLE CHUN
Petitioner In Propria Persona

**Exhibit B** - Screenshot of Court-Controlled Zoom Meeting showing chat message and muted microphone status (November 20, 2025, 8:14 AM)



## CONTINUATION PAGE - RELIEF

Case: Kyle Chun v. County of Merced, et al.

Plaintiff respectfully requests the following relief:

1. Declaratory judgment that Defendants violated Plaintiff's constitutional right to due process by preventing him from participating in his November 20, 2025 court hearings.

2. Order compelling production of Zoom server-side logs for November 20, 2025 (approximately 8:15-8:25 AM Pacific Time, Department 10) and comparison logs from October 15, 16, and 21, 2025.

3. Compensatory damages in the amount of $50,000 for violation of constitutional rights.

4. Punitive damages against individual defendants in their individual capacities.

5. Costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

6. Such other relief as the Court deems just and proper.